[Civ. No. 460.  First Appellate District.—March 18, 1908.]

BADEN BRICK COMPANY, Respondent, v. C. I. CHUBBUCK and R. E. HARRIS, Copartners, Appellants.

SALE OF BRICK BY CORPORATION—SUFFICIENCY OF EVIDENCE—LEASE OF BRICKYARD IN NAME OF PRESIDENT—PERSONAL BILL OF SALE.— In an action by a corporation for sale of brick from two yards belonging to the corporation, the fact that the lease of one of its yards stood in the name of its president, as an individual, and that, although the contract was made by him in the name of the corporation as its president, he made a personal bill of sale of the brick of the corporation situated in that yard, does not render the evidence insufficient to sustain the finding of the court that all of the brick sold and delivered in both yards was in pursuance of the contract with the corporation, and that no credit was given to its president individually.

APPEAL from an order of the Superior Court of the City and County of San Francisco, denying a new trial. **J. M. Seawell, Judge.**

The facts are stated in the opinion of the court.

Henry G. W. Dinkelspiel, for Appellants.

Roger Johnson, for Respondent.

KERRIGAN, J.—This action was commenced to recover a balance of an account for goods, wares and merchandise sold and delivered by plaintiff to defendants. Judgment went for plaintiff. From an order denying a motion for a new trial this appeal is prosecuted.

The ground chiefly relied upon by appellants is the insuf-·ficiency of the evidence to justify the decision. It appears from the record that the respondent owned and operated a brickyard near Baden, in San Mateo county; that on March 3, 1906, it entered into a contract with appellants for the sale of brick. The contract was signed by Thomas Butler, the president of the respondent, as follows: "The Baden Brick Company, per Thos. Butler." Two days later a bill of sale was executed of certain brick at a brickyard in San Francisco at Sixth and Berry streets, by Thomas Butler individually to the appellants. The appellants expressly admit the indebtedness alleged, but claim it is due, not to the respondent, but to Thomas Butler. This claim is without merit.

The amount sued for covers brick delivered in March, 1906, from the yards both in San Francisco and in Baden; and appellants' own ledger, which was introduced in evidence, by respondent, shows that the Baden Brick Company was credited by them for all the brick received during that month. C. I. Chubbuck, one of the appellants, who kept the books for his firm, in explanation of the entries in their books just referred to, said: "In keeping our ledger account, for convenience sake, I put into one account the transactions with the Baden Brick Co. and with Thomas Butler."

Thomas Butler, a witness for respondent, testified that while the lease of the brickyard at Sixth and Berry streets stood in his name at the date of the contract of March 3, 1906, nevertheless the respondent owned that yard and everything there, including the brick mentioned in the bill of sale of March 5, 1906; that he signed the bill of sale of March 5, 1906, personally because he was president and manager of respondent, and generally made its contracts in his own name.

It is true, as contended by appellants, that the testimony on cross-examination of Butler, revealed some inconsistencies.

It is also true that appellants introduced testimony to show that the sale of the brick at Sixth and Berry streets was by Butler personally, and not for the respondent. But we are satisfied that there is sufficient evidence to support the findings of the court.

There are other points urged in appellants' brief, which we have carefully examined, and which we think do not merit discussion.

The judgment and order are affirmed.

Hall, J., and Cooper, P. J., concurred.